Gregory K. Nelson, Esq., CSB No. 203029
    Email: gnelson@wknjlaw.com
WEEKS NELSON
462 Stevens Avenue, Suite 310
Solana Beach, CA 92075
Telephone: (858) 794-2140
Fax: (858) 794-2141
Email: Office@wknjlaw.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Gunnar Optiks, LLC**, a California limited liability corporation,<br><br>                    Plaintiff,<br><br>          vs.<br><br>**Mad Panda LLC**, a North Carolina limited liability corporation,<br><br>                    Defendant. | Case No.: **'15 CV 0996 GPC DHB**<br><br>COMPLAINT FOR PATENT INFRINGEMENT<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Gunnar Optiks, LLC (hereinafter referred to as "GUNNAR") hereby complains of Defendant Mad Panda, LLC (hereinafter referred to as "Mad Panda"), and alleges as follows:

## JURISDICTION AND VENUE

1.      Jurisdiction over this action is founded upon 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338.

2.      Venue is proper under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(b).  The Defendant has sold infringing products in this district, attempted to pass off infringing products in this district, has directed sales and marketing efforts toward this district and/or own or operate retail stores on the internet and selling in this district at its website www.noscopeglasses.com as well as eBay and other lcoations.

## THE PARTIES

3.      Plaintiff Gunnar Optiks, LLC is a limited liability corporation organized and existing under the laws of the State of California, having its principal place of business at 705 Palomar Airport Road, Suite 100, Carlsbad, California 92011, and doing business within this judicial district.

4.      GUNNAR is informed and believes, and thereupon alleges that Defendant Mad Panda, LLC is a North Carolina limited liability corporation having its principal place of business located at 7301 Underwood Arbor Place, Cary, North Carolina 27518. GUNNAR is also informed and believes, and thereupon alleges, that Defendant is doing business within this judicial district at least on its website, www.noscopeglasses.com and on Ebay. GUNNAR is informed and believes, and thereupon alleges, that Defendant has been offering to sell, advertising and selling products, including the accused products, directly and in the stream of commerce knowing such products would be sold in California and in this judicial district.

… … …

Complaint

## FACTUAL BACKGROUND

5. Since at least 2008, GUNNAR has been and continues to be actively engaged in the design, development, manufacture and sale of high performance digital eyewear for computer and gaming uses. GUNNAR is associated with and used by some of the leading industry personnel in the gaming industry and other industries, making it the most well-known and recognized eyewear for gamers. As an innovator, GUNNAR developed certain proprietary technology that is embodied by its eyewear.

6. GUNNAR is the owner by assignment of U.S. Patent No. 7,976,157, duly and lawfully issued on July 12, 2011, describing and claiming the invention entitled "Eyewear for Reducing Symptoms of Computer Vision Syndrome." A true and correct copy of U.S. Patent No. 7,976,157 is attached hereto as Exhibit 1.

7. GUNNAR is the owner by assignment of U.S. Patent No. 8,342,681, duly and lawfully issued on January 1, 2013, describing and claiming the invention entitled "Eyewear for Reducing Symptoms of Computer Vision Syndrome." A true and correct copy of U.S. Patent No. 8,342,681 is attached hereto as Exhibit 2.

8. GUNNAR is informed and believes, and thereupon alleges that Mad Panda is selling eyewear that unlawfully embodies the claimed subject matter of U.S. Patent Nos. 7,976,157 and 8,342,681. In particular, GUNNAR is informed and believes, and thereupon alleges, that Defendant's *Hydra, Orion, and Demon* gaming eyewear all embody the subject matter claimed in GUNNAR's asserted patents without any license thereunder and thereby infringe GUNNAR's U.S. Patent Nos. 7,976,157 and 8,342,681. GUNNAR is informed and believes and based thereon alleges that Defendant made, used, imported, advertised, offered for sale and/or sold its accused cameras to multiple distributors, retailers, and/or retail customers.

9. Defendants have received written notice of GUNNAR's proprietary rights in its patents by way of a cease and desist letter it caused to be sent to

Defendant, as well as this lawsuit. Further, Defendant has received constructive notice of GUNNAR's patents as GUNNAR caused U.S. Patent No. 7,976,157 and 8,342,681 to be placed plainly on its product and/or packaging. Despite actual and constructive knowledge, Defendants continue to infringe GUNNAR's patent rights. On information and belief, such infringement by Defendants must have been willful and wanton.

10. GUNNAR is informed and believes and thereupon alleges that the sale of Defendant's unauthorized, infringing eyewear has resulted in lost sales, reduced the business and profit of GUNNAR, and greatly injured the general reputation of GUNNAR, all to GUNNAR's damage in an amount not yet fully determined. The exact amount of profits realized by Defendant as a result of its infringing activities, are presently unknown to GUNNAR, as are the exact amount of damages suffered by GUNNAR as a result of said activities. These profits and damages cannot be accurately ascertained without an accounting.

11. Mad Panda is a competitor of GUNNAR. Defendant sells NoScope eyewear in the same channels as GUNNAR. Defendant's unauthorized, infringing sales are likely to cause irreparable harm to GUNNAR, which cannot be compensated by damages. Accordingly, GUNNAR seeks a preliminary and permanent injunction enjoining Defendant from making, using, offering to sell and selling its infringing eyewear.

**FIRST CLAIM FOR RELIEF**
**Patent Infringement**

12. The allegations of paragraphs 1 through 11 are repled and realleged as though fully set forth herein.

13. This is a claim for patent infringement, and arises under 35 U.S.C. Sections 271 and 281.

14. Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1338.

15.    GUNNAR is the owner of U.S. Patent No. 7,976,157, which protects the claimed invention entitled "Eyewear For Reducing Symptoms of Computer Vision Syndrome." A true and correct copy of U.S. Patent No. 7,976,157 is attached hereto as Exhibit 1.  By statute, the patent is presumed to be valid and enforceable under 35 U.S.C. § 282.

16.    Defendant, through its agents, employees and servants, has manufactured, imported, advertised, offered to sell, and sold, without any rights or license from GUNNAR, gaming eyewear that falls within the scope and claim(s) contained in U.S. Patent No. 7,976,157. Such actions constitute direct, indirect, and/or contributory infringement.

17.    GUNNAR is informed and believes and thereupon alleges that Defendant willfully infringed upon GUNNAR's exclusive rights under this patent, with full notice and knowledge thereof.

18.    GUNNAR is informed and believes and thereupon alleges that Defendant has derived, received and will continue to derive and receive from the aforesaid acts of infringement, gains, profits and advantages in an amount not presently known to GUNANR.  By reason of the aforesaid acts of infringement, GUNNAR has been, and will continue to be, greatly damaged.

19.    Defendant may continue to infringe U.S. Patent No. 7,976,157 to the great and irreparable injury of GUNNAR, for which GUNNAR has no adequate remedy at law unless the Defendant is enjoined by this court. Accordingly, GUNNAR seeks a preliminary and permanent injunction enjoining Defendants from making, using, importing, offering to sell and/or selling its infringing eyewear.

**SECOND CLAIM FOR RELIEF**
**Patent Infringement**

20.    The allegations of paragraphs 1 through 11 are repled and realleged as though fully set forth herein.

21. This is a claim for patent infringement, and arises under 35 U.S.C. §§ 271 and 281.

22. Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1338.

23. GUNNAR is the owner of U.S. Patent No. 8,342,681, which protects the claimed invention entitled "Eyewear For Reducing Symptoms of Computer Vision Syndrome." A true and correct copy of U.S. Patent No. 8,342,681 is attached hereto as Exhibit 1. By statute, the patent is presumed to be valid and enforceable under 35 U.S.C. § 282.

24. Defendant, through its agents, employees and servants, has manufactured, imported, advertised, offered to sell, and sold, without any rights or license from GUNNAR, gaming eyewear that falls within the scope and claim(s) contained in U.S. Patent No. 8,342,681. Such actions constitute direct, indirect, and/or contributory infringement.

25. GUNNAR is informed and believes and thereupon alleges that Defendant willfully infringed upon GUNNAR's exclusive rights under this patent, with full notice and knowledge thereof.

26. GUNNAR is informed and believes and thereupon alleges that Defendant has derived, received and will continue to derive and receive from the aforesaid acts of infringement, gains, profits and advantages in an amount not presently known to GUNANR. By reason of the aforesaid acts of infringement, GUNNAR has been, and will continue to be, greatly damaged.

27. Defendant may continue to infringe U.S. Patent No. 8,342,681 to the great and irreparable injury of GUNNAR, for which GUNNAR has no adequate remedy at law unless the Defendant is enjoined by this court. Accordingly, GUNNAR seeks a preliminary and permanent injunction enjoining Defendants from making, using, importing, offering to sell and/or selling its infringing eyewear.

WHEREFORE, GUNNAR prays as follows:

1. That Defendant be adjudicated to have infringed GUNNAR's U.S. Patent No. 7,976,157, and that the patent is valid and enforceable and is owned by GUNNAR;

2. That Defendant be adjudicated to have infringed GUNNAR's U.S. Patent No. 8,342,681, and that the patent is valid and enforceable and is owned by GUNNAR;

3. That Defendant, its agents, servants, employees, and attorneys and all persons in active concert and participation with them, be forthwith preliminarily and thereafter permanently enjoined from making, using, importing, offering to sell or selling any cameras that infringe United States Patent Nos. 7,976,157 or 8,342,681;

4. That Defendant be required to account to GUNNAR for any and all profits derived by them associated with their sale of the accused products, and all damages sustained by GUNNAR by reason of Defendant's patent infringement;

5. For an assessment and award of damages against Defendant in an amount no less than lost profits or a reasonable royalty, pursuant to 35 U.S.C. § 284;

6. For an order requiring Defendant to deliver up and destroy all infringing eyewear;

7. That an award of reasonable costs, expenses, and attorneys' fees be awarded against Defendant pursuant to 35 U.S.C. § 285;

8. That Defendant be directed to file with this court and serve upon GUNNAR within 30 days after the service of the injunction, a report

in writing under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction; and

9. For such other relief as the Court may deem appropriate at law or equity.

DATED:     May 4, 2015     WEEKS NELSON

_/s/ Gregory K. Nelson_
Gregory K. Nelson
Attorney for Plaintiff

## JURY DEMAND

Plaintiff hereby requests a trial by jury in this matter.

DATED:     May 4, 2015     WEEKS NELSON

_/s/ Gregory K. Nelson_
Gregory K. Nelson
Attorney for Plaintiff